UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>    **Plaintiff**<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>    **Defendants** | CASE NO. 1:19-CV-1501 AWI HBK<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECUSAL, ORDER ADOPTING FINDINGS AND RECOMMENDATION, and ORDER DENY MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 2, 4, 5) |

    Plaintiff Edward Thomas is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion to proceed in forma pauperis. That motion was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302. On April 6, 2020, the Magistrate Judge issued a Findings and Recommendation (Doc. No. 4) in which he recommended denying the motion to proceed in forma pauperis. Following the F&R, Plaintiff filed objections and a motion to recuse the undersigned and the Magistrate Judge.

*Motion to Recuse*

    Plaintiff's motion is directed at the undersigned and Magistrate Judge Jeremy Peterson. However, in November 2020, this matter was reassigned from Magistrate Judge Peterson to Magistrate Judge Helena Barch-Kuchta. With the reassignment of the case to Magistrate Judge Barch-Kuchta, the motion to recuse Magistrate Judge Peterson is now moot.

    As for recusing the undersigned, Plaintiff claims that the undersigned is biased against him because the undersigned's actions in one of his previous cases, *Thomas v. Davey*, 1:16-cv-0925 LJO BAM. That case was originally assigned to the undersigned, but the case was eventually reassigned to formed Chief District Judge Lawrence O'Neill, who actually dismissed the case. That dismissal is final.

Generally, a judge is to recuse himself if a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012); see also 28 U.S.C. §§ 144, 455. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings,* do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis added); McTiernan, 695 F.3d at 892-93. Plaintiff's reliance on past rulings made by the undersigned in previous unrelated cases is insufficient. See id. Because there is no basis for the undersigned to recuse himself, Plaintiff's recusal motion will be denied.

*Motion to Proceed Informa Pauperis/F&R*

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having reviewed the matter, the Court concludes that Plaintiff's objections are without merit.

As outlined in *Thomas v. Felker*, 2012 U.S. Dist. LEXIS 80880 (E.D. Cal. June 8, 2012) and *Thomas v. Parks*, 2018 U.S. Dist. LEXIS 85076 (E.D. Cal. May 21, 2018), Plaintiff has three strikes under the PLRA. As a "3-strikes prisoner," Plaintiff will be barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a three strikes prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Andrews, 493 F.3d at 1055.

Here, Plaintiff's complaint challenges his transfer to Kern Valley State Prison and alleged retaliatory conduct that occurred at Kern Valley State Prison. Plaintiff at some point has since been transferred to Sacramento State Prison and is no longer at Kern Valley. The complaint alleges various instances of harassment or retaliatory conduct, often involving verbal conduct and interference with property (particularly legal and other paper documents). Such conduct does not demonstrate an imminent danger of serious physical injury. However, one instance is described in

which Plaintiff was forcibly pushed against a wall and threatened by Defendant prison guards not to move or he would be beaten and or shot. See Complaint ¶¶ 50, 51. The threat was for Plaintiff not to move/not to take his hands off the wall. See id. Plaintiff did not move and was released. See id. No other similar subsequent conduct is alleged.[1] The Court cannot hold that the single incident of physical contact accompanied by a limited conditional threat is sufficient to plausibly demonstrate that Plaintiff was in imminent danger of serious physical injury at the time he filed this complaint.

Because the F&R also found that the Complaint failed to plausibly allege imminent danger, the Court will overrule Plaintiff's objections and adopt the F&R.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal (Doc. No. 5) is DENIED;
2. The Findings and Recommendation (Doc. No. 4) is ADOPTED;
3. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is DENIED;
4. Within twenty-one (21) days following the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full to proceed with this action; and
5. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:   December 1, 2020                         _____
                                                  SENIOR DISTRICT JUDGE

---

[1] Plaintiff's objections indicate that he sustained physical injury and nerve damage to his elbow from being assaulted in September 2019. However, the Complaint does not allege that he sustained injury to his elbow in September 2019. Further, a one time injury that occurred prior to the fling of the lawsuit does not demonstrate that Plaintiff was in imminent danger of a serious injury when the lawsuit was filed.

3